### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BROWN, JR <br> 1919 W HILTON STREET <br> PHILADELPHIA, PA  19140 <br>   <br> V. <br>   <br> COATESVILLE CITY <br> 1 CITY HALL PL <br> COATESVILLE, PA 19320 <br>     AND <br> POLICE JARAD DAVIS <br> BADGE NUMBER 107 <br> 1 CITY HALL PL <br> COATESVILLE, PA 19320 <br>     AND <br> SGT. JOHN DOE #1 <br> 1 CITY HALL PL, <br> COATESVILLE, PA 19320 <br>     AND <br> POLICE OFFICERS JOHN DOE #1-5 <br> 1 CITY HALL PL, <br> COATESVILLE, PA 19320 | CIVIL ACTION <br><br> JURY TRIAL DEMANDED <br><br><br><br><br><br><br><br><br> NO. |

## COMPLAINT

1. Plaintiff, Richard Brown, is a citizen of the Commonwealth of Pennsylvania residing as captioned.

2. Defendant, Coatesville City, is a Municipality of the Commonwealth of Pennsylvania.

3. Defendant, Police Officer Jarad Davis, was at all material times a police officer with the Coatesville City Police Department.

4. Defendants, Sgt. John Doe #1 and Police Officers John Doe #1-5, were at all material times a police officer with the Coatesville City Police Department.

5. At all material times, Defendants, Police Officer Jarad Davis, Sgt John Doe #1 and Police Officers John Doe #1-5, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Defendant Coatesville City and the Coatesville City Police Department.

6. On September 6th of 2020 at approximarely 11:30pm, the Plaintiff, Richard Brown, had just returned home from a 16-hour work shift and went into his room.

7. Other individuals were in his apartment, playing music. Unbeknownst to Plaintiff, a neighbor had called the police to make a noise complaint.

8. When the Defendant, Police Officer Davis arrived, despite not hearing any music playing, he made his way into the apartment building without the consent of a tenant of the building.

9. Defendant, Police Officer Davis, knocked on Plaintiff's door, and when Plaintiff answered he demanded to see identification.

10. Plaintiff asked Defendant, Police Officer Davis, if they could step outside to talk about the reason for his being there.

11. Defendant, Police Officer Davis responded "No, we can 'Fing" talk right here" then suddenly became enraged and slammed Plaintiff in the chest forcing him back into a door and breaking it.

12. Defendant, Police Officer Davis continued to physically attack Plaintiff, and improperly and aggressively attempted to place him in handcuffs for no lawful reason.

13. Defendants, Police Officers John Doe 1-5 arrived and Police Officer Davis and/or Police Officers John Doe 1-5 forced Plaintiff out of his apartment

14. Plaintiff was placed into handcuffs that were excessively tight and despite his repeated request, they were never loosened.

15. Plaintiff was put and into Officer Davis' police vehicle, transported to the Police Station, processed and then sent to the Chester Co. Prison where he remained overnight and then released on bail in the morning,

16. Plaintiff was found not guilty of all the multiple charges against him based on the body camera footage from the arresting officer.

17. As a direct and proximate result of the aforementioned acts and conduct of the defendants, the Plaintiff sustained injuries including, but not limited to, physical injuries, severe distress, loss of freedom, and loss of reputation.

18. As a direct and proximate result of the above, the plaintiff, Richard Brown, suffered serious personal injuries, some or all of which are or may be permanent in nature and constitute a serious impairment of bodily function including, but not limited to:

   a. Right wrist interstitial tear of the triangular fibrocartilage complex.
   b. Cervical radiculitis.
   c. Cervical sprain/strain.
   d. Myofascial pain.
   e. Muscle spasms.

19. As a direct and proximate result of the aforementioned actions of the Defendants the Plaintiff, Richard Brown, have been obliged to and may continue to expend various sums of money and to incur various expenditures for an indefinite period of time in the future, to his great detriment and loss.

20. As a further direct and proximate result of the above, the plaintiff has been obliged to incur various expenses for the diagnosis and treatment of his injuries, which expense to date include, but are not limited to, the following:

**Chestnut Hill Hospital**
9/8/2020-9/9/2020                                             $4,994.00

| | |
|---|---|
| **Benedetto Chiropractic Health Center PC** 10/5/21 | $135.00 |
| **West Phila Injury Center** 10/19/2021-12/16/2021 Still Treating as of 8/31/22 | $7,830 .00 |
| **Open MRI Bala Cynwyd** 11/4/2021 | $8,200.00 |
| **Olney Orthopedic and Therapy Dr. Norman Stempler** 11/18/21 ` | $750.00 |
| **Temple University Hospital Hand/Wrist Surgery** 6/1/22 & 6/16/22 6/3/22-Present | $ +_____ |
| **Partial Total** | **$21,909.00** |

21. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, Richard Brown, has and will hereinafter incur other financial expenses and losses.

## COUNT I - 42 U.S.C. § 1983
## ILLEGAL ENTRY AND SEIZURE/EXCESSIVE FORCE
## RICHARD BROWN V. POLICE OFFICER JARAD DAVIS, AND POLICE OFFICERS JOHN DOE #1-5

22. As aforesaid, defendants, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, intentionally and maliciously deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from illegal entry, unlawful seizure and excessive force; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of

the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

23. As aforesaid, defendants, jointly and/or severally, acting within the course and scope of their employment, under the color of State law, used their position of authority, illegally and improperly entered the Plaintiff's home and subjected the plaintiff to excessive force, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

24. Defendants, jointly and/or severally, have been deliberately indifferent to the right of the plaintiff to be free from unlawful entries, seizures and excessive force, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and are in violation of 42 U.S.C. § 1983.

25. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, the plaintiff suffered injuries, which are described above.

26. The above-described actions of all defendants, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiffs' rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff, Richard Brown, demands compensatory and punitive damages against Defendants, Police Officer Jarad Davis and

Police Officers John Doe #1-5, jointly and/or severally, in an amount to fairly and adequately compensate plaintiff, plus interest, costs, attorney's fees and delay damages.

### COUNT II - 42 U.S.C. § 1983
### FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION
### RICHARD BROWN V. POLICE OFFICER JARAD DAVIS, AND POLICE OFFICERS JOHN DOE #1-5

27. Paragraphs 1 through 26 are incorporated herein by reference, as though each were fully set forth herein at length.

28. As aforesaid, Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendants Coatesville City and the Coatesville City Police Department; deprived Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from false arrest, false imprisonment and malicious prosecution; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

29. As aforesaid, Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, Coatesville City and the Coatesville City Police Department, intentionally and maliciously arrested, imprisoned and prosecuted, Plaintiff, Richard Brown, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of

Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

30. As aforesaid, Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, Coatesville City and the Coatesville City Police Department, intentionally caused the false arrest, false imprisonment, and malicious prosecution of the Plaintiffs, without probable cause, without privilege and against the Plaintiff's will, and caused the Plaintiff to be subjected to criminal proceedings, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

31. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, the Plaintiff, Richard Brown, suffered injuries that are described above.

32. The above-described actions of the Defendants, Police Officer Jarad Davis and

33. Police Officers John Doe #1-5 were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff, Richard Brown, demands compensatory and punitive damages against Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, jointly and/or severally,in an amount to fairly and adequately compensate plaintiff, plus interest, costs, attorney's fees and delay damages.

**COUNT III - 42 U.S.C. §1983**
**CONSPIRACY**
**RICHARD BROWN V. POLICE OFFICER JARAD DAVIS**
**AND POLICE OFFICERS JOHN DOE #1-5**

33. Paragraphs 1 through 33 are incorporated herein by reference, as though each were fully set forth herein at length.

34. As detailed above, Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5 entered into a conspiracy to harm the Plaintiff, Richard Brown, and deny the plaintiff of his constitutional rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of Pennsylvania.

35. As detailed above, Defendants, performed overt acts in furtherance of the conspiracy.

36. As detailed above, the conspiracy directly and proximately resulted in harm to the Plaintiff, Richard Brown, including the deprivation of his rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

37. The Plaintiff, Richard Brown, believes and therefore avers, that Defendants, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Defendants, Coatesville City and the Coatesville City Police Department provided intentional as well as unintentional support to the conspiracy to deprive Plaintiff, Richard Brown, of his constitutional rights.

38. As a direct and proximate result of the malicious, intentional and reckless actions of the Defendants, the Plaintiff, Richard Brown, suffered injuries, which are described above.

39. The above described actions of the Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff, Richard Brown, demands compensatory and punitive damages against Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, jointly and/or severally, in an amount to fairly and adequately compensate plaintiff, plus interest, costs, attorney's fees and delay damages.

### COUNT IV - 42 U.S.C. §1983
### MONELL CLAIM
### RICHARD BROWN  VS. COATESVILLE CITY POLICE DEPARTMENT

40. Paragraphs 1 through 39 are incorporated herein by reference, as though each were set forth herein at length.

41. The Plaintiff, Richard Brown, believes and therefore avers that Defendant, Coatesville City, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the use of unlawful entry, excessive force, false arrests, false imprisonments and malicious prosecutions by its officers; and subjecting individuals to the same type of treatment to which Plaintiff was subjected, which policy constitutes the use of excessive force, false arrests, false imprisonments, and malicious prosecutions and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

42. The Plaintiff believes and therefore avers that the Defendant, Coatesville City and the Coatesville City Police Department, have adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and

discipline police officers, including the individual Defendants, regarding constitutional restraints on the police power to unlawfully enter private homes, use force, arrest, imprison, and prosecute which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

43. The Defendant, Coatesville City and Coatesville City Police Department, have been Deliberately indifferent to the rights of citizens of the Coatesville and the State of Pennsylvania, to be free from unlawful entry, excessive force, false arrests, false imprisonments, and malicious prosecutions, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

44. The Plaintiff believes and therefore avers, that at the time of his arrest, Defendants, Coatesville City, knew or should have known of the above-described policy, custom and practice of the Coatesville City Police Department, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

a. Failure to restrain the use of unlawful entry, excessive force, false arrest, false imprisonment and malicious prosecution on citizens by the Coatesville City Police Officers;

b. Failure to properly train, test and/or select its Police Officers in the proper use handcuffs, as well as, the use of force, lawful arrests, imprisonment, and prosecution:

c. Failure to have clear, concise, and appropriate Police directives;

d. Failure to properly supervise and/or control its Police officers;

e. Failure to restrain unlawful entry, excessive force, false arrests, false imprisonments and malicious prosecution, and to have clear concise and appropriate directives regarding same;

f. Failure to have proper counseling, use of excessive force, unlawful entry, illegal arrests, improper handcuff techniques, and re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of the Coatesville City Police

Department with prior and ongoing complaints of unlawful entry, excessive force involving excessively tight handcuffs, false arrests, false imprisonments and malicious prosecution;

      g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Coatesville City of Police Department;

      h. Failure to prevent Plaintiff from being injured by its Officers where Defendants knew or had reason to know of the dangerous propensities of said Police Officers;

      i. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

      j. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to enter, use force, loosen handcuffs, arrest, imprison, and prosecute;

      k. Otherwise acting without due regard for the rights, safety and position of the Plaintiffs herein, in accordance with the laws of the Commonwealth of Pennsylvania; and

      l. Otherwise violating the policies of the Coatesville City Police Department and the Statutes of the Commonwealth of Pennsylvania.

45. The Plaintiff believes and therefore avers that the Defendant, Coatesville City has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers illegally enter private residence, subject individuals to excessive force, falsely arrest, imprison and prosecute, which allows for and results in an encouragement to officers within the Coatesville City Police Department to continue doing the same, and creates policies, practices, and/or procedures allowing officers to proceed in this manner and creates an atmosphere for the allowance of such conduct by members of the Coatesville City Police Department without fear of punishment.

46. The Plaintiff believes and therefore avers that the Defendant, Coatesville City, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named Police Officer Jarad Davis and Police Officers John Doe #1-5 Defendant officers, in such a way as to reduce or at least to restrain the members of the Coatesville City Police Department from illegally entering private residence, using excessive force, improper handcuff techniques, falsely arresting, falsely imprisoning

and maliciously prosecuting; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as having problems with such conduct; failing to issue adequate directives and/or guidelines concerning prohibitions against illegally entering private residence, the use of excessive force, improper handcuff techniques, falsely arresting, falsely imprisoning and maliciously prosecuting; and failing to discipline those officers identified as having unreasonably used said conduct, which failures were the direct cause for the existence of the alleged custom and usage of said conduct, and specifically upon the Plaintiff, Richard Brown, by the Defendant, Coatesville City and thereby violated Plaintiff's rights to protection from false arrest, false imprisonment and malicious prosecution under the Fourth Amendment.

47. The Defendant, Coatesville City, was aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised Defendant officers, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described to the deliberate indifference of the constitutional rights of the residence of the Coatesville City and the Commonwealth of Pennsylvania.

48. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, Defendant, Coatesville City, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. §1983.

49. The Plaintiff believes and therefore avers that the Coatesville City  and the Coatesville City Police Department, has adopted and maintained for many years a recognized and accepted policy consisting

of an inadequate system of review of claims of excessive force, illegally entering private residence, improper handcuff techniques, falsely arresting, falsely imprisoning and maliciously prosecuting, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, falsely arrested and imprisoned.

50. Upon information and belief, the systematic deficiencies include, but are not limited to:

a. The preparation of investigative reports assigned to vindicate the use of force, illegal entry, false arrest, false imprisonment and malicious prosecution, regardless of whether such actions were justified;

b. The preparation of investigative reports, which rely solely on the word of Coatesville City Police Officers involved in the incidents in which systematically failed to credit the testimony and statement of non-officer witnesses;

c. The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved; and,

d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

51. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant, Coatesville City and the Coatesville City Police Department, and as such caused individual Defendants to be unaware of the rules and laws governing the permissible use of force and power to enter homes, arrest, imprisonment, and prosecute and that such conduct would not be honestly and properly investigated, all with the procedural result that officers are more likely to use excessive force, illegal warrant entries, falsely arrest, falsely imprison and maliciously prosecute in situations where such conduct is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, Richard Brown, demands compensatory damages against Defendants, Coatesville City, in an amount fairly and adequately compensate the palintiff, plus interest, costs, attorney's fees and delay damages.

## COUNT V
## FAILURE TO INTERVENE
## RICHARD BROWN VS. POLICE OFFICER JARAD DAVIS SGT. JOHN DOE #1 AND POLICE OFFICERS JOHN DOE #1-5

52. The Paragraphs 1 through 51 are incorporated herein by reference, as though each were set forth herein at length.

53. Defendants, Police Officer Jarad Davis, Sgt John Doe #1 and Police Officers John Doe #1-5 were present when Plaintiff's constitutional rights were being violated.

54. Aforementioned Defendants, Police Officer Jarad Davis, Sgt John Doe #1 and Police Officers John Doe #1-5, had a duty to intervene and protect Plaintiff and his federal constitutional rights but failed to do so.

55. The above-described actions of Defendants, Police Officer Jarad Davis, Sgt John Doe #1 and Police Officers John Doe #1-5, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 USC §1983, Plaintiffs, Richard Brown demand compensatory and punitive damages against Defendant Police Officer Jarad Davis, Sgt John Doe #1 and Police Officers John Doe #1-5 in an amount that will fairly and justly compensate them for the violation of their Fourth Amendment rights and the injuries they suffered, plus interest, costs, attorney's fees, and other appropriate relief.

## COUNT VI
## MALICIOUS PROSECUTION-STATE LAW
## RICHARD BROWN VS. POLICE OFFICER JARAD DAVIS AND POLICE OFFICERS JOHN DOE #1-5

56. Paragraphs 1 through 55 are incorporated herein by reference, as fully as though each were set forth herein at length.

57. As described above, Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, intentionally, maliciously and without probable cause, caused the Plaintiff to be subjected to criminal proceedings.

58. The above-mentioned criminal proceedings were terminated in Plaintiff, Richard Brown's, favor.

59. As a direct and proximate result of the malicious and intentional actions of

60. Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, the Plaintiff, Richard Brown, suffered injuries and damages which are described above.

61. The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Richard Brown, demands compensatory and punitive damages against the Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5 jointly and/or severally, for the common law tort of malicious prosecution, in an amount to fairly and adequately compensate the plaintiff, plus interest, costs, attorney's fees and delay damages.

### COUNT VII
### ASSAULT AND BATTEERY-STATE LAW
### RICHARD BROWN VS. POLICE OFFICER JARAD DAVIS AND POLICE OFFICERS JOHN DOE #1-5

62. Paragraphs 1 through 61 are incorporated herein by reference as though each were fully set forth at length.

63. Plaintiff, Richard Brown, specifically complains of the conduct of Defendants, Officer Jarad Davis and Police Officers John Doe #1-5 in assaulting and battering the plaintiff.

64. The above-mentioned actions of Defendants, placed the plaintiff in the reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly touched, assaulted, battered and abused against his will.

65. The above-mentioned actions of the defendants were so malicious, intentional, gross, wanton and reckless, and displayed such a reckless indifference to the plaintiff's rights and well being that punitive damages are warranted.

**WHEREFORE,** the Plaintiff, Richard Brown, demands judgment against the defendants, jointly and/or severally, for compensatory and punitive damages, in an amount to fairly and adequately compensate the plaintiff, plus the cost of this action and such other relief as the court may deem just and applicable.

### COUNT VIII
### FALSE ARREST AND FALSE IMPRISONMENT-STATE LAW
### RICHARD BROWN VS. POLICE OFFICER JARAD DAVIS AND POLICE OFFICERS JOHN DOE #1-5

66. Paragraphs 1 through 65 are incorporated herein by reference, as fully as though each were fully set forth herein at length.

67. Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, as aforesaid, intentionally caused the false arrest and false imprisonment of the Plaintiffs, without probable cause, without privilege and against the Plaintiff's will.

68. As a direct and proximate result of the malicious, intentional and/or reckless actions

69. of Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, the Plaintiff sustained injuries that are described above.

70. The above-described actions of Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5 were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Richard Brown, demands compensatory and punitive damages against

Defendants, Police Officer Jarad Davis and Police Officers John Doe #1-5, jointly and/or severally for the common law tort of false arrest and false imprisonment, in an amount to fairly and adequately compensate the plaintiff, plus cost, interest, attorney's fees and delay damages.

### COUNT IX—42 U.S.C. SEC 1983
### SUPERVISOR LIABILITY
### RICHARD BROWN vs. SGT. JOHN DOE

70. All the preceding paragraphs are fully incorporated herein by reference.

71. Defendant, Sgt. John Doe # 1 was supervisors of Defendants Officer Davis and/or John Does #'s 1-5.

72. At the time of incident, Defendant Sgt. John Doe # 1 weas standing in the room where the incident occurred and stood there the entire incident.

73.. While Defendant, Sgt. John Doe # 1 was standing in the room where the incident occurred, he directed and/or acquiesced in Defendants Officer Davis and/or John Does #'s 1-5 use force against the Plaintiff.

74. While Defendant, Sgt. John Doe # 1 was standing in the room where the incident occurred, he observed the entire incident and had knowledge of Defendants Officer Davis and/or John Does #'s 1-5 use of unconstitutional/excessive force on the Plaintiff and condoned and/or acquiesced in that unconstitutional use of force, and did nothing to stop it notwithstanding their constitutional duty to do so.

75. As a direct and proximate cause of the intentional and/or reckless actions of Defendant Sgt. John Doe # 1, the Plaintiff suffered injuries that are described above.

76. The above-described actions of Defendant Sgt. John Doe # 1 was so malicious, intentional and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff, Richard Brown, demands compensatory and punitive damages against Defendant Sgt. John Doe # 1 in an amount to compensate the Plaintiff fairly and adequately for his injuries, plus interest, costs, attorney's fees and other appropriate relief.

                                      **ABRAMSON & DENENBERG, P.C.**

                                      **BY**:    _Alan Denenberg_
                                           **ALAN E. DENENBERG, ESQUIRE**
                                           **ATTORNEY FOR PLAINTIFF**